UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C. PARR,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5875-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by accepting the opinion of a consultative examining psychiatrist, Dr. Jeremy Senske, PsyD, but failed to include limitations set forth in the opinion in his residual functional capacity ("RFC"). (Dkt. # 14 at 1, 3.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1988 and has a high school diploma. AR at 30, 90. Plaintiff alleges disability due to a combination of physical and mental health impairments. The only issue

ORDER - 1

presented on appeal, however, relates solely to Dr. Senske's opinion and whether his opinion regarding concentration and persistence were incorporated in the RFC. (Dkt. # 14 at 1, 3.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

At the request of the State Agency, Plaintiff was evaluated by Dr. Senske in April 2018.[1] AR at 2667. Plaintiff was diagnosed with Bipolar II Disorder Most Recent Episode Depressed,

---

[1] Plaintiff mistakenly states that the evaluation by Dr. Senske occurred in January 2016. (Dkt. # 14 at 3.) A review of the record confirms that Dr. Senske evaluated Plaintiff on April 20, 2018. AR at 2667.

Mild. *Id.* at 2669. With respect to "concentration", Dr. Senske found that Plaintiff made "errors when completing serial sevens; however, was able to complete serial threes successfully" and was "able to follow a simple three-step command." *Id.* Dr. Senske opined that Plaintiff's concentration, persistence, and pace were "poor . . . mainly due to physical functional limitations" which he deferred to an assessment by a medical doctor. *Id.* In his Functional Assessment, Dr. Senske opined that Plaintiff's concentration and persistence were impaired. *Id.* The ALJ found Dr. Senske's opinions persuasive and supported by objective findings on mental status examinations that showed normal thought content, adequate insight and judgment, and normal speech. *Id.* at 28. The ALJ also found that Plaintiff had a "moderate" limitation in her ability to concentrate, persist, or maintain pace and limited her to unskilled work. *Id.* at 30.

Plaintiff argues the ALJ erred by failing to sufficiently address Plaintiff's impaired concentration and persistence in his RFC. (Dkt. # 14 at 1, 3.) The Commissioner counters that Dr. Senske's opinion that Plaintiff's concentration was impaired was ambiguous as it did not specify any degree of impairment. (Dkt. # 16 at 2.) As such, the ALJ properly incorporated Dr. Senske's clinical findings in his RFC by limiting Plaintiff to simple, routine tasks and simple, work-related decisions. (*Id.*)

The Commissioner cites *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008) in support of its argument. In *Stubbs-Danielson*, the Ninth Circuit held that the ALJ did not fail to account for a moderate restriction in concentration, persistence, and pace because no doctor actually opined as to such a restriction. *See id.* at 1174. One doctor opined that the plaintiff was moderately limited in her ability to perform at a consistent pace without an unreasonable number and length of rest periods. *Id.* at 1173. But that doctor also opined that Plaintiff was "not significantly limited" in her ability to "carry out very short simple instructions," "maintain

attention and concentration for extended periods," and "sustain an ordinary routine without special supervision." *Id.* at 1174. Thus, in *Stubbs-Danielson*, the ALJ's assessment limiting Plaintiff to "simple tasks" was consistent with the medical evidence, and adequately captured restrictions related to concentration, persistence, and pace. *Id.*

Conversely, Plaintiff relies on an unpublished opinion, *Brink v. Comm'r Soc. Sec. Admin.* (*Brink I*), 343 F. App'x 211 (9th Cir. 2009), wherein the Ninth Circuit found a hypothetical question that includes only the limitation to "simple, repetitive work" does not adequately account for the ALJ's finding that the claimant had moderate limitations in concentration, persistence, and pace. *Id.* at 212. Unlike the record in *Stubbs-Danielson*, here the ALJ actually made the finding that Plaintiff had moderate limitation in her ability to concentrate, persist, or maintain pace. AR at 30. Because the ALJ found Plaintiff had moderate limitations in concentration, persistence, and pace, there was no question as to what the medical evidence showed; these limitations should have been incorporated in the RFC. Because the ALJ failed to define what he meant by "moderate" limitations in concentration, persistence, and pace, and failed to explain how "simple, routine tasks and make simple, work-related decisions" accounted for the moderate limitations, the Court cannot find that the ALJ's decision was based on substantial evidence. The Court will not "attempt to intuit what the [ALJ] may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). The ALJ therefore erred by failing to account for—or explain how he accounted for—Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC.

The error is not harmless as the ALJ used this RFC in questioning the vocational expert on whether the hypothetical individual would be able to perform the requirements of the

representative occupations and subsequently found that Plaintiff was not disabled as a result. On remand, the ALJ shall reformulate the RFC and hypothetical questions to the vocational expert as necessary to address the errors discussed in this decision. The ALJ shall reassess all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall: (1) reformulate the RFC and hypothetical questions to the vocational expert; (2) reassess all relevant steps of the disability evaluation process; and (3) conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

Dated this 2nd day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge